IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARINA JAMES-VELARDO and | : | |
| CHRISTOPHER WALLACE, | : | |
|       *Plaintiffs*, | : | CIVIL ACTION |
| | : | |
|     v. | : | |
| | : | |
| UNITED STATES OF AMERICA and. | : | No. 17-1261 |
| JOSEPH LEWIS, | : | |
|       *Defendants*. | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                                                                           JULY 11, 2017

Marina James-Velardo and Christopher Wallace complain that Joseph Lewis caused them serious injuries when he negligently operated a United States Postal Service Mack Tractor-Trailer and collided with their vehicle. The United States has moved to transfer this action to Florida, where the alleged tortious conduct took place. Ms. James-Velardo and Mr. Wallace, both citizens of Pennsylvania, oppose that motion. For the reasons that follow, the Court will deny the motion.

**BACKGROUND**

Ms. James-Velardo and Mr. Wallace, who both reside in Philadelphia, Pennsylvania, allege that Mr. Lewis, a resident of Jacksonville, Florida, suddenly and without warning made a left turn, crossed over into their lane of travel, and struck their motor vehicle. The accident took place in Jacksonville while Mr. Lewis was working as a United States Postal employee. Both Ms. James-Velardo and Mr. Wallace allege that they have suffered serious injuries as a result of the accident. Ms. James-Velardo and Mr. Wallace each ask for no more than $50,000 in damages and allege claims of negligence.

Shortly after the Complaint was filed, the United States moved to transfer this action to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a), arguing that the Middle District of Florida would be a more convenient forum.

**LEGAL STANDARD**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Once it is determined that a case could have been brought in the proposed transferee district, a court must weigh a variety of private and public factors to determine whether the matter should be transferred under 28 U.S.C. § 1404(a). The private factors include:

> [1 P]laintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal citations omitted). The public factors include:

> [1 T]he enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted). The movant carries the heavy burden of establishing the need for transfer, as the plaintiff's choice of venue "should not be lightly disturbed." *Id.* at 879.

DISCUSSION

The United States argues that this matter should be transferred to the Middle District of Florida. No one argues that the Middle District of Florida would not be a proper venue. Thus, the analysis turns to the consideration of the private and public *Jumara* factors.

The United States argues first that Ms. James-Velardo and Mr. Wallace's choice of forum is entitled to little deference because the operative facts occurred elsewhere, citing cases that support the proposition that "where none of the operative facts of the action occurred in the plaintiff's chosen forum, the choice is afforded less weight." *See Gaskins v. National R.R. Passenger Corp.*, No. CIV. A. 00-5144, 2001 WL 322518 at *1 (E.D. Pa. Feb. 21 2001); *Silong v. United States*, No. 5:05-CV-55-OC-10GRJ, 2006 WL 948048 (M.D. Fl. April 12, 2006); *Cellular Technology & Telecommunications, L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1186 (S.D. Fl. 2007).

The cases cited by the United States are easily distinguishable, however. In *Gaskins*, not only did none of the operative events occur in the transferor district, but, unlike here, the plaintiff also resided in the transferee district. *Gaskins*, 2001 WL 322518, at *1. In *Silong,* the plaintiffs filed suit in the Middle District of Florida, even though the plaintiffs had received no medical treatment in Florida and all the operative facts had occurred in California. *Silong*, 2006 WL 948048, at *3. Additionally, although the plaintiffs had a residence in Florida, they did not live there when they filed suit. *Id.* Lastly, in *Cellular Technology*, the plaintiff's choice was afforded less deference because the plaintiff did not reside in the transferor district. *Cellular Technology*, 508 F. Supp. 2d at 1186.

In this case, both Ms. James-Velardo and Mr. Wallace do reside in this District. Moreover, aside from one visit to an emergency room in Jacksonville immediately following the

3

accident, Ms. James-Velardo and Mr. Wallace have been treated in Philadelphia for months for their alleged injuries. For these reasons, the Court will not so easily discount Ms. James-Velardo and Mr. Wallace's choice of forum.

As to the other private factors, the United States' preference for a Florida forum does weigh slightly in favor of transfer. Also weighing in favor of transfer is a consideration of where the claim first arose, which the parties agree was Florida. However, a consideration of the physical and financial burdens weighs in favor of Ms. James-Velardo and Mr. Wallace. The financial burden of pursuing a lawsuit far from home would be much more difficult for Ms. James-Velardo and Mr. Wallace to bear, as compared to requiring the United States to defend a lawsuit here. Additionally, Ms. James-Velardo and Mr. Wallace's attorneys are not members of the Florida bar, and they would be forced to seek new counsel if this matter was transferred.

The convenience of the witnesses weighs slightly in favor of transfer, although the remaining private factors are largely non-determinative. "[P]arty witnesses are presumed to be willing to testify in either forum despite any inconvenience. The convenience of non-party witnesses is the main focus." *Hillard v. Guidant Corp.*, 76 F. Supp. 2d 566, 570 (M.D. Pa. 1999). Although the United States argues that the cost of bringing on-scene and investigative witnesses from Florida to this District will be "significant" and that this Court cannot compel the appearance of such witnesses, it does not provide any evidence that any of the witnesses would be unwilling to travel to that District to testify. The United States, with its resources, can transport witnesses to this District with little difficulty. The burden on Ms. James-Velardo and Mr. Wallace to transport their Philadelphia-based doctors to Florida would be much greater. Additionally, a Florida court would likewise be unable to compel Ms. James-Velardo and Mr. Wallace's doctors to appear at trial to testify. To the extent non-party witnesses' testimony may

be presented by video deposition, witness inconvenience is that much less of an issue. *See Erb v. Roadway Exp., Inc.*, No. 4:05-CV-0011, 2005 WL 1215955, at *4 (M.D. Pa. Apr. 19, 2005) (finding that the inconvenience of witnesses did not weigh heavily in favor of transfer, in part because courtroom technology allowed for live video-conference testimony or using video depositions at trial, in a case similar to this one in which a plaintiff sued in his home forum over an accident that occurred in another forum). Therefore, the convenience of witnesses only weighs slightly in favor of transfer.

As to the public factors, no party argues that judgment enforceability or public policy has an impact on this motion. The United States argues that the Middle District of Florida is less congested than this District, citing caseload statistics that show that although civil cases in this District, on average, are resolved more quickly than in the Middle District of Florida, there are fewer civil cases older than three years pending in the Middle District of Florida than there are in this District. Those statistics, however, give the Court very limited insight on important potential "congestion" considerations, such as how many cases are pending in each district *per judge* or how long, on average, cases of this type remain pending. The cited statistics do nothing to advance the United States' argument.

The United States also contends Florida law will govern and the state of Florida has an interest in deciding localized controversies at home. Ms. James-Velardo and Mr. Wallace counter that because they are Pennsylvania residents and because their car was registered in Pennsylvania, the Commonwealth also has an interest in this case. The Court finds that both jurisdictions have at least some interest in this particular dispute, so that this factor does not weigh heavily one way or the other.

As to the final public factor, the United States argues that a judge in the Middle District of Florida will have greater familiarity with Florida law, tipping this factor in its favor. Although Florida law will apply under the Federal Tort Claims Act, it does not appear that any particularly challenging or unique legal issues will arise in this case. Therefore, this final factor does not weigh strongly in favor of transfer.

Overall, some factors do weigh in favor of transfer, including the United States' preference, where the claim arose, the convenience of the witnesses, and the application of Florida law. However, those factors, even in combination, are not substantial enough to overcome the deference due to Ms. James-Velardo and Mr. Wallace's choice of venue, especially given the relative financial positions of the two parties. Thus, the Court will not transfer this action to the Middle District of Florida.

**CONCLUSION**

For the foregoing reasons, the Court will deny the United States' motion. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge